UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK



-----------------------------------------------------------

Master Baye Balah Allah,

    vs.

Brain Wilson #27486, Jason Warsop #3547, Dexter Russell # 447, Sgt. Farid Aliyev #00140, Cedrick Brown #0000

Jury Trail Demand
13 cv. 4269 (AT)(RLE)

3rd Amended complaint

-----------------------------------------------------------

TO THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

The complaint of the plaintiffs, Master Baye Balah Allah states the following:

1. The plaintiff, Master Baye Balah Allah is a resident of the state of New York and resides at 129 Fulton Street, N.Y., N.Y. 10038.
2. **Plaintiff B.Z.B.S. has been erroneously and unjustly removed from the complaint by the court!!!**
3. The defendant, Brain Wilson #27486 is a New York City police officer.
4. The defendant, Jason Warsop #3547 is a New York City police officer.
5. The defendant, Dexter Russell is a Department of Homeless Services peace officer who works at the Kingsboro MICA Shelter located at 681 Clarkson Ave, Bklyn, N.Y., 11203.
6. The defendant Sgt. Farid Aliyev is a New York City police officer.
7. Defendant Cedrick Brown is a Department of Homeless Services peace officer.

## Venue

8. Plaintiffs' states that pursuant to 28 U.S.C. 1391 (b) that the Southern District of New York has proper venue over complaint.

## Statement of Facts

9. On 8.4.12 at 12:56 plaintiff, Master Baye Balah Allah and his 5 year old grandson, B.Z.B.S., were pulled off the Bronx bound #6 train at Brooklyn Bridge by Officers Warsop and Wilson.
10. When plaintiff asked Warsop why he was being taken off the train Warsop told plaintiff that he and Wilson were investigating a kidnapping. Plaintiff told the defendants that he was just taking his grandson home.
11. Plaintiff thinking that was the end of the situation tried to leave but was stopped by Warsop and was told by him that he and Wilson would have to ask his grandson some

questions just to make sure everything was okay. (While plaintiff is talking to Warsop Wilson is trying to take B.Z.B.S. away from me).

12. Plaintiff told both officers that they could ask him any question they want as long as it's done in plaintiff's presence being that plaintiff is his legal guardian. Now Warsop is asking plaintiff for ID.

13. While plaintiff handed Warsop his ID several other officers appeared at which point Wilson told plaintiff that they had also been told by the conductor that plaintiff was sleeping on the train. It was at this point that Wilson with the help of the unknown police officers took his grandson from plaintiff's custody.

14. Plaintiff witnessed Wilson and the unknown police officers move B.Z.B.S. further off by the staircase where Wilson asked him "if he was alright? What was his name and who was plaintiff to him?" At which point B.Z.B.S. told him that "He was okay, that his name was Zyheem and that plaintiff was his Father."

15. Plaintiff then tried to follow Warsop, Wilson and the other previously mentioned unknown officers behind the staircase where they took B.Z.B.S. to ask him more questions. Plaintiff told all officers present that they couldn't take him off to the side and ask him any questions without counsel or a legal guardian present.

16. Plaintiff then peacefully and without any form of violence tried to follow defendants behind the staircase when plaintiff was suddenly attacked from behind by Russell. Plaintiff and this peace officer who used to work at the Clarke Thomas shelter on Wards Island have a bad history between them.

17. Russell then slammed plaintiff into one of the pillars and put plaintiff in a choke hold and his left arm in an arm lock while simultaneously forcing plaintiff to bend backwards causing severe pain. As he did this he told plaintiff "You know who this is. Shut the fuck up." Plaintiff looked over his right shoulder, into his attackers face and said "You? What are you doing here? You're a DHS security officer." Then plaintiff said to defendants Warsop and Wilson "He's just a DHS peace officer. I thought you had authority over the situation?" Wilson just looked at plaintiff and shrugged his shoulders.

18. Warsop, Wilson, Brown, Sgt. Aliyev and the rest of the unknown police officers watched and did nothing as Russell attacked plaintiff. Plaintiff was told once again by Russell to "Shut the fuck up" and then was thrown to the ground by him and handcuffed.

19. Plaintiff lay on the ground handcuffed and was protesting the mistreatment that he and his grandson were suffering at the officers hands. Then plaintiff was picked up by Warsop, Wilson, Russell, Brown and the other unknown officers where they started hitting him in his face and body as they carried him out of the station and took him to transit district 2. One of plaintiff's assailants was Sgt. Aliyev. Plaintiff again states that he at no time during the entire incident did anything that would warrant such actions.

20. Plaintiff states that during the entire time during the arrest that neither Warsop, Wilson, Sgt. Aliyev nor any of the other unknown police officers came to plaintiff's cell with questions pertaining to the care and custody of his grandson nor was his questions about B.Z.B.S's care answered during transport to transit district 2. (B.Z.B.S. sat in police custody for six hours and fourteen minutes where he was questioned without counsel or a legal guardian present.) Plaintiffs' also states that defendants Warsop, Wilson and Sgt. Aliyev

left plaintiff handcuffed in the cell the entire time he was there prisoner even though plaintiff had done nothing to warrant such treatment and the act in itself is unlawful.

21. Plaintiff states that B.Z.B.S suffered nightmares from the beating he witnessed his grandfather receive at the hands of Officers Warsop, Wilson, Russell, Brown and Sgt. Aliyev and the unknown police officers. Plaintiff also states that his grandson developed a fear of plaintiff falling asleep whenever they rode the train after the incident.
22. Plaintiffs' states that Officers Warsop and Wilson questioned and held B.Z.B.S. in custody for six hours and fourteen minutes without counsel or a legal guardian present.
23. Plaintiffs' states that due to defendant's illegal actions B.Z.B.S. had ACS forcefully inserted into his life which caused him as well as plaintiff hardship.
24. Plaintiffs' states that plaintiff suffered lacerations, bruises, a swollen left arm and two swollen wrist from the unlawful actions of Officers Wilson, Warsop, Russell, Sgt. Aliyev and Brown.
25. Plaintiff now suffers from extreme tension headaches, dizziness, right hip and right knee pain and blackouts and that these injuries were made worse by the unlawful excessive force used by Warsop, Wilson, Russell, Sgt. Aliyev and Brown.
26. Plaintiffs' states that Officers Warsop, Wilson, Russell, Sgt. Aliyev and Brown acted in their individual and official capacity.
27. Plaintiffs' states that officers Warsop, Wilson, Russell, Sgt. Aliyev and Brown violated him and his grandson under sections 18 USC 242, 18 USC 1519 as well as the 4th, 8th and the 14th amendments.
28. Plaintiffs' states that Officers Warsop, Wilson, Sgt. Aliyev, Brown and the unknown police officers watched and did nothing as plaintiff was attacked from behind by Russell. Plaintiffs' states that Russell had nothing to do with the incident and that his actions were unwarranted, unlawful and unnecessary.
29. Plaintiffs' states that Officers Warsop, Wilson, Russell, Sgt. Aliyev and Brown should have known that they were depriving plaintiff and his grandson from their right to be free from unlawful seizure as well as excessive force and cruel and unusual punishment under the 4th and 8th amendments as well as their right to due process which is guaranteed under the 14th amendment.

**THEREFORE**, plaintiffs, **Master Baye Balah Allah** is suing Officers Warsop, Wilson, Russell, Brown and Sgt. Aliyev pursuant to 42 USC 1983, 18 USC 242 and 18 USC 1519 for violating plaintiffs' under the 4th, 8th and 14th amendments. Plaintiffs' are also suing for pain and suffering and for punitive and compensatory damages in the amount of two million dollars. **Plaintiff also preserves all issues relating to B.Z.B.S.'s unjust removal from complaint for appellate review.**

I state under penalty of perjury that the foregoing is true and correct. Dated: 6.8.15

*[signature: Master Baye Balah Allah]*

Master Baye Balah Allah
129 Fulton St. apt. 4, N.Y., N.Y., 10038

June 4, 2015

Master Baye Balah Allah
129 Fulton St. 4th Fl.
N.Y., N.Y., 10038

RE: Motion to Compel Pursuant to Rule 37

To The Court:

On 2.28.14 defendants received 1,000 pages of ACS information pertaining to B.Z.B.S. This order was issued at the beginning of this action by the court to locate Dexter Russell who was unidentified at that time. Since then plaintiffs' have spoken to defendants and have requested that information which is a part of discovery and is not privileged or confidential information. As part of discovery plaintiffs are entitled to this information. Defendants refuse to disclose this information to plaintiffs'. It prejudices plaintiffs and violates plaintiffs' FRCP 26 (a)(2) and (b)(4).

Plaintiffs want this court to compel defendants to answer plaintiffs' admissions. Defendants' use 'legalize' to avoid answering plaintiffs' questions, in example, in plaintiffs' request for admissions to request no. 4 plaintiffs' ask defendants to admit that B.Z.B.S. was arrested along with his grandfather on 8.4.12 as the record clearly shows, Yet defendants refuse to admit to this and all of plaintiffs admissions while repetitiously stating that the questions have "vague and ambiguous wording that does not allow defendants fairly to admit or deny".

Plaintiffs' also want this court to compel defendants' to answer in complete detail plaintiffs' request for interrogatories (1): provide the name to <u>all</u> officers who were assigned to the Brooklyn Bridge on 8.4.12 at 12:56am and not to continue to give plaintiffs names of defendants already identified.  (4) Provide the badge no. to DHS Officer Cedrick Brown and the complete name to the MTA operator who was operating the no. 6 train on the night in question. (6) Answer this interrogatory in completely detail. Defendants' response avoids answering the question. (8) Answer this interrogatory in complete detail. Defendants' response avoids answering this question.

Plaintiffs need the complete transcript. Plaintiffs' copy is incomplete. (doc.request no.2), Produce <u>all electronic, video, audio</u> and hard copy materials relating to this litigation. Defendants state that these materials are in plaintiffs' possession. They are not. (doc. request no. 4),

Therefore plaintiffs' state that it wants the court compel defendants to provide the 1,000 pages of ACS information pertaining to B.Z.B.S. and to answer plaintiffs' request for discovery and documents as initially requested on 6.2.14 or face sanctions pursuant to rule 37 (b)(2).

Peace
Master Baye Balah Allah